1    David Brian Lally, Esq., Bar No. 145872
     Law Office of David B. Lally
2    P.O. Box 355
     Wilmington, New York 12997
3    Telephone 949-500-7409
     Davidlallylaw@gmail.com
4
     Attorney with Defendant
5    Jonathan Alan Stein

6

7

8                    UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

10   In Re:                          ) CASE NO.:    9:23-bk-10174-RC
                                     ) ADV. NO.:    9:23-ap-01023-RC
11   JONATHAN ALAN STEIN,            ) CHAPTER:     7
                                     )
12          Debtor.                  ) DECLARATION OF DAVID B. LALLY,
                                     ) ESQ., IN SUPPORT OF ORDER
13   _____) GRANTING MOTION TO WITHDRAW AS
     GABRIELINO-TONGA TRIBE          ) THE ATTORNEY OF RECORD FOR
14                                   ) DEFENDANT
            Plaintiff,               )
15   vs.                             )
                                     ) No Hearing Set
16   JONATHAN ALAN STEIN,,           )
                                     )
17          Defendant.

18   _____

19       TO: THE HONORABLE RONALD CLIFFORD, III, UNITED STATES

20   BANKRUPTCY, AND DEFENDANT JONATHAN STEIN:

21          1.      I am an attorney licensed to practice law in this State and before this Court, and I

22   am an attorney for Defendant in this case. I have personal knowledge of the facts set forth

23   herein, and if called upon to testify, I could and would testify thereto. I have reviewed my file,

24   the Court docket, my Motion to Withdraw, the Debtor's Petition, Schedules and Statement of

25   Financial Affairs, and the documents filed in this case.

26          2.      On September 5, 2023, I filed and served a Motion to Withdraw as the attorney of

27   record for Defendant and For an Extension of Time For Defendant to Respond to a 9011 Motion

28   by Plaintiff ("Motion"), a true and correct copy of which is attached as Exhibit "1" and

                                          1

1    incorporated by reference.  The Motion is docket number 16.  As part of that Motion, I requested

2    shortened time to withdraw as Defendant's attorney of record, and an extension of time for

3    Defendant to respond to a 9011 Motion Plaintiff served on Defendant and me.

4         3.     The Motion further alleges:

5         "Please take further notice that <u>any response and request for hearing as to the

6    Motion must be in the form required by Local Bankruptcy Rules 2014-1(b) 9013-1(f) and (o) and

7    filed with the Clerk of the Court within fourteen days (14) from the date of service of this Notice,</u>

8    and a copy served on Mr. Lally.  Failure to timely respond may be deemed as acceptance of

9    withdrawal by David B. Lally as Defendant's attorney of record. **IN THE ALTERNATIVE,**

10   **MR. LALLY SEEKS WITHDRAWAL AS DEFENDANT'S ATTORNEY OF RECORD**

11   **AS OF SEPTEMBER 12, 2023.** This will afford Defendant sufficient time to locate new

12   Counsel should he seek to do so."

13        **"IN THE ALTERNATIVE, MR. LALLY SEEKS WITHDRAWAL AS**

14   **DEFENDANT'S ATTORNEY OF RECORD AS OF SEPTEMBER 12, 2023.** This will

15   afford Defendant sufficient time to locate new Counsel should he seek to do so."

16        4.     As of September 18, 2023, I have not received a response or opposition to the

17   Motion.  I have since communicated with Defendant via email numerous times about the Motion

18   and seeking new counsel, and he has been fully informed of the pending Motion.  I also checked

19   the Court docket and no opposition has been filed to my Motion.  Accordingly, I am asking the

20   Court to sign the Order I am filing in conjunction with this Declaration.  Twelve days has passed

21   since I filed and served my Motion to Withdraw, and I have served the Defendant with the

22   Motion and now with this Declaration.

23        I declare under penalty of perjury of the laws of the United States that the foregoing is

24   true and correct.  This Declaration was executed on September 18, 2023, at Wilmington, New

25   York.

26   Dated: September18, 2023          Law Office of David Brian Lally

27                       /s/ David B. Lally

                       David Brian Lally, Esq.

28

2

# EXHIBIT 1

David Brian Lally, Esq., CA. Bar No. 145872
Law Office of David Brian Lally
P. O. Box 355
Wilmington, New York 12997
Telephone 949-500-7409
E-mail: Davidlallylaw@gmail.com

Attorney for Defendant
Jonathan Alan Stein

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| In Re: | ) CASE NO.:   9:23-bk-10174-RC |
| | ) ADV. NO.:   9:23-ap-01023-RC |
| JONATHAN ALAN STEIN, | ) |
| | ) CHAPTER:   7 |
| Debtor. | ) |
| | ) NOTICE OF MOTION AND MOTION TO |
| GABRIELINO-TONGVA TRIBE | ) WITHDRAW AS THE ATTORNEY OF |
| | ) RECORD FOR DEFENDANT JONATHAN |
| Plaintiff, | ) STEIN, AND FOR AN EXTENSION OF |
| | ) TIME FOR DEFENDANT TO RESPOND |
| vs. | ) TO A 9011 MOTION BY PLAINTIFF, AND |
| | ) DECLARATION OF DAVID B. LALLY, |
| JONATHAN ALAN STEIN,, | ) ESQ. IN SUPPORT |
| | ) |
| Defendant. | |
| | No Hearing Set |

TO: THE HONORABLE RONALD CLIFFORD, III, UNITED STATES

BANKRUPTCY, AND DEBTOR JONATHAN STEIN:

NOTICE IS GIVEN THAT the Law Office of David B. Lally, attorney for Defendant,

files his Notice of Motion and Motion to Withdraw as the Defendant's Attorney of Record For

Defendant Jonathan Stein, and For an Extension of Time For Defendant to Respond to a 9011

Motion by Plaintiff ("Motion"). The Motion shall be based upon this Motion, the inclusive

points and authorities, and the attached Declaration of David Brian Lally. Please take further

notice that any response and request for hearing as to the Motion must be in the form required by

Local Bankruptcy Rules 2014-1(b) 9013-1(f) and (o) and filed with the Clerk of the Court within

fourteen days (14) from the date of service of this Notice, and a copy served on Mr. Lally.

1

1    Failure to timely respond may be deemed as acceptance of withdrawal by David B. Lally as

2    Defendant's attorney of record.  **IN THE ALTERNATIVE, MR. LALLY SEEKS**

3    **WITHDRAWAL AS DEFENDANT'S ATTORNEY OF RECORD AS OF SEPTEMBER**

4    **12, 2023.** This will afford Defendant sufficient time to locate new Counsel should he seek to do

5    so.

6              NO HEARING IS SET OR NECESSARY IF NO OPPOSITION IS FILED.  AND THE

7    DEFENDANT, WHO IS AN ATTORNEY, HAS HAVE BEEN ADVISED TO SEEK NEW

8    COUNSEL.

9                                                            **I.**

10                                            **INTRODUCTION**

11             1.        Defendant retained Mr. Lally to defend the Complaint filed by Plaintiff. However,

12   certain circumstances now make it impossible for Mr. Lally to continue to represent Defendant.

13   Mr. Lally and Defendant respectfully differ on various matters in this case, and hence Mr. Lally

14   chooses to no longer represent Defendant.  There is now an actual conflict of interest with

15   Defendant, in part due to a 9011 Motion allegedly served on Mr. Lally and Defendant by Plaintiff

16   and its Counsel.  Additionally, the 9011 Motion has caused Mr. Lally to incur severe stress,

17   rendering him unable to continue to represent Defendant.  Moreover, Defendant needs additional

18   time to respond to Plaintiff's 9011 Motion.  Finally, Defendant does not allow Mr. Lally to

19   handle the defense of this case, or to communicate with Plaintiff's counsel telephonically (which

20   raises ethical issues for Mr. Lally).  For all of these reasons, Mr. Lally seeks withdrawal as

21   Defendant's attorney, and an extension to October 15, 2023, for Defendant to respond to the

22   9011 Motion of Plaintiff.

23                                                           **II.**

24                                            **THE FACTS**

25             2.        Defendant filed his Chapter 7 Petition on March 10, 2023.  On August 8, 2023,

26   Defendant retained Mr. Lally to defend a Dischargeability Complaint.  Defendant signed a

27   Retainer Agreement with Mr. Lally, and to that end, on August 9, 2023, Mr. Lally filed an

28   Answer to the Complaint.  In fact, Defendant drafted the Answer to the Complaint.  Additionally,

                                                            2

1  on August 14, 2023, Mr. Lally, on behalf of the Debtor and Defendant and with the Debtor as

2  Co-Counsel, filed a Complaint against various creditors, including the Plaintiff in the

3  Dischargeability case.

4        3.      Thereafter, the Debtor requested Mr. Lally to handle various matters in the

5  underlying Chapter 7 case. In that regard, on August 22, 2023, Mr. Lally filed a Notice of

6  Association of Counsel (Docket #113). Subsequently, Mr. Lally realized that this case is much

7  larger than expected, and as a solo practitioner he is unable to handle much of the work required

8  in the Chapter 7 case and the two Adversary Proceedings. Additionally, with due respect to the

9  Defendant, he and Mr. Lally have a different opinion about numerous issues in the Chapter 7

10  case and both Adversary Proceedings. This difference of opinion renders it impossible for Mr.

11  Lally to continue to represent Defendant.

12        4.      Additionally, Plaintiff has sent, albeit by improper service, a 9011 Motion to Mr.

13  Lally and Defendant. However, service is defective. Nonetheless, this Motion raises facts not

14  previously known to Mr. Lally. By way of one simple example, Mr. Lally did not previously

15  know that numerous attorneys representing Defendant in the pre-petition Superior Court case

16  have been sanctioned for taking a position promulgated by Defendant. Mr. Lally does not intend

17  to be the latest sanctioned attorney representing Defendant. Additionally, this 9011 Motion, the

18  first ever served on Mr. Lally in 33 years of practicing law, has caused severe stress, including

19  significant loss of sleep. Mr. Lally is not going to subject himself to sanctions, and from a purely

20  risk-analysis, he is removing himself from this case, completely,

21        5.      Moreover, Mr. Lally has now realized that this case, and other matters in this

22  Chapter 7 case, require two full time attorneys working on it. Mr. Lally is a solo practitioner and

23  does not have nearly sufficient time to work on this case alone. All of the above has been

24  communicated to Defendant. He has been advised to seek new Counsel. And this Motion, inter

25  alia, seeks an extension of time to respond to the 9011 Motion, and to withdraw the Answer to

26  the Complaint, and Defendant's Complaint in Adversary # 9:23-ap-01054-RC.

27        6.      Additionally, in the Superior Court, Defendant has been deemed a vexatious

28  litigant. That Order is rather ambiguous in that it does not have conditions or qualifications. So

1    it is unclear if the Order applies in that case only, or to any case, including this Chapter 7 case

2    and two pending Adversary Proceeding. It is Mr. Lally's belief that the Vexatious Litigant Order

3    applies only in the Superior Court case. However, it appears that Defendant takes a different

4    view, unbeknownst to Mr. Lally until now.

5         7.    The 9011 Motion has created an actual conflict of interest between Mr. Lally and

6    Defendant, such that Mr. Lally can no longer represent Defendant in any capacity and in any

7    case. Mr. Lally will eventually withdraw without prejudice the Answer to the Complaint in this

8    case so Defendant can file a new Answer, and will withdraw and dismiss without prejudice the

9    Complaint in case ## 9:23-ap-01054-RC so Plaintiff there, if he chooses, can re-file it without

10   Mr. Lally's name on it. All of this has been communicated to Defendant numerous times, and he

11   has been advices he can file new pleadings any time he so chooses. Moreover, for other reasons

12   that Mr. Lally may not be able to disclose at this juncture, there is an actual conflict of interest

13   that Mr. Lally believes cannot be waived. And he would not waive the conflict of interest in any

14   event. For reasons that have just come to light in the past week or so, there are reasons why

15   Defendant has been deemed a vexatious litigant that were not previously known to Mr. Lally.

16        8.    This Motion seeks a withdrawal by Mr. Lally of his representation of the Debtor.

17   And this Motion seeks an extension of time to October 15, 2023, for Defendant to respond to the

18   9011 Motion if he so chooses. When the withdrawal of the Answer is made, Mr. Lally believes

19   this absolves him of any potential sanctions, since the Answer is the allegedly offending

20   document.

21                                        **III.**

22                    **THERE IS CAUSE TO GRANT THIS MOTION**

23        9.    Mr. Lally and Defendant have a difference of opinion with respect to numerous

24   issues in this case. As a result, Mr. Lally cannot effectively represent Defendant, and chooses to

25   no longer represent Defendant under the circumstances. This has nothing to do with the

26   cooperation of Defendant, who has fully cooperated since he retained Mr. Lally. The difference

27   of opinions is cause to withdraw as Defendant's attorney of record.

28        10.   Rule 3-700© of the California Rules of Professional Conduct provides, in part,

                                          4

1  that an attorney may withdraw from representing a client if the client "(d) by other conduct

2  renders it unreasonably difficult for the member to carry out the employment effectively, ...."

3  Based upon the facts set forth above, it is impossible to effectively represent Defendant. Mr.

4  Lally thus chooses to no longer represent Defendant based on the above facts.

5      11.    Mr. Lally is a solo practitioner and, based upon the above, and the amount of

6  work to be done, he has now realized he is unable to adequately represent Defendant.

7      WHEREFORE, Mr. Lally prays for an order as follows:

8      1.    That the Court grant this Motion and that Mr. Lally immediately be allowed to

9  withdraw as attorney of record for Defendant, and that Mr. Lally be allowed to withdraw as of

10  September 12, 2023;

11      2.    That the Court extend the deadline for Defendant to respond to the 9011 Motion

12  to October 15, 2023; and

13      3.    For such other relief as the Court deems just and proper.

14  Dated: September 5, 2023        Law Office of David Brian Lally

15

16                      /s/ David Brian Lally
                        David Brian Lally, Esq., Debtor associated attorney

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

5

## DECLARATION OF DAVID BRIAN LALLY

I, David Brian Lally, declare as follows:

12.     I am an attorney licensed to practice law in this State and before this Court. I am the attorney of record for Defendant in this Adversary Proceeding. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would testify thereto. I have reviewed my file, the Court dockets for this Chapter 7 case and Adversary Proceeding, the Debtor's Petition, Schedules and Statement of Financial Affairs, and the documents filed in this Chapter 7 case and various documents filed in the Superior Court case.

13.     Defendant retained me to defend the Complaint filed by Plaintiff. However, certain circumstances now make it impossible for me to continue to represent Defendant. Defendant and I respectfully differ on various matters in this case, and hence I choose to no longer represent Defendant. There is now an actual conflict of interest with Defendant, in part due to a 9011 Motion allegedly served on Defendant and me by Plaintiff and its Counsel. Additionally, the 9011 Motion has caused me to incur severe stress, rendering me unable to continue to represent Defendant. Moreover, Defendant needs additional time to respond to Plaintiff's 9011 Motion. Finally, Defendant does not allow me to handle the defense of this case, or to communicate with Plaintiff's counsel telephonically (which raises ethical issues for me). For all of these reasons, I am seeking to withdraw as Defendant's attorney, and an extension to October 15, 2023, for Defendant to respond to the 9011 Motion of Plaintiff.

14.     Debtor and Defendant filed his Chapter 7 Petition on March 10, 2023. On August 8, 2023, Defendant retained me to defend this Dischargeability Complaint. Defendant signed a Retainer Agreement with me, and to that end, on August 9, 2023, I filed an Answer to the Complaint based on the information provided to me by the Defendant. In fact, Defendant drafted the Answer to the Complaint. Additionally, on August 14, 2023, I, on behalf of the Debtor and Defendant, filed a Complaint against various creditors, including the Plaintiff in the Dischargeability case. The Debtor drafted that Complaint as well.

15.     Thereafter, the Debtor requested me to handle various matters in the underlying Chapter 7 case. In that regard, on August 22, 2023, I filed a Notice of Association of

6

Counsel (Docket #113). Subsequently, I realized that this case is much larger than expected, and as a solo practitioner I am unable to handle much of the work required in the Chapter 7 case and the two Adversary Proceedings. Additionally, with due respect to the Defendant, he and I have a different opinion about numerous issues in the Chapter 7 case and both Adversary Proceedings. This difference of opinion renders it impossible for me to continue to represent Defendant.

16.    Additionally, Plaintiff has sent, albeit by improper service, a 9011 Motion to Defendant and me. However, service is defective. Nonetheless, the 9011 Motion raises facts not previously known to me. By way of one simple example, I did not previously know that numerous attorneys representing Defendant in the pre-petition Superior Court case have been sanctioned for taking a position promulgated by Defendant. I do not intend to be the latest sanctioned attorney representing Defendant. Additionally, this 9011 Motion, the first ever served on me in 33 years of practicing law, has caused severe stress, including significant loss of sleep. I am not going to subject myself to sanctions, and from a purely risk-analysis, I am removing myself from this case and the Chapter 7 case, completely.

17.    Moreover, I have now realized that this case, and other matters in this Chapter 7 case, require two full time attorneys working on it. I am a solo practitioner and do not have nearly sufficient time to work on this case alone. All of the above has been communicated to Defendant. He has been advised to seek new Counsel. And this Motion, inter alia, seeks an extension of time to respond to the 9011 Motion, and to withdraw the Answer to the Complaint, and withdraw Defendant's Complaint in Adversary # 9:23-ap-01054-RC. These are the two offending documents referred to in the 9011 Motion.

18.    Additionally, in the Superior Court, Defendant has been deemed a vexatious litigant. That Order is rather ambiguous in that it does not have conditions or qualifications. So it is unclear if the Order applies in that case only, or to any case, including this Chapter 7 case and two pending Adversary Proceedings. It is my belief that the Vexatious Litigant Order applies only in the Superior Court case. However, it appears that Defendant takes a different view, unbeknownst to me until now.

19.    The 9011 Motion has created an actual conflict of interest between Defendant and

7

1  me, such that I can no longer represent Defendant in any capacity and in any case. I will

2  eventually withdraw without prejudice the Answer to the Complaint in this case so Defendant

3  can file a new Answer, and will withdraw and dismiss without prejudice the Complaint in

4  Adversary # 9:23-ap-01054-RC so Plaintiff there, if he chooses, can re-file it without my name

5  on it. All of this has been communicated to Defendant numerous times, and he has been advised

6  he can file new pleadings any time he so chooses. Moreover, for other reasons that I may not be

7  able to disclose at this juncture, there is an actual conflict of interest that I firmly believe cannot

8  be waived. And I would not waive the conflict of interest in any event. For reasons that have

9  just come to light in the past week or so, there are reasons why Defendant has been deemed a

10  vexatious litigant that were not previously known to me.

11      20.    This Motion seeks a withdrawal by me of my representation of Defendant. <u>And

12  this Motion seeks an extension of time to October 15, 2023, for Defendant to respond to the 9011

13  Motion if he so chooses.</u> When the withdrawal of the Answer is made, I believe this absolves me

14  of any potential sanctions, since the Answer is the allegedly offending document

15      I declare under penalty of perjury of the laws of the United States that the foregoing is

16  true and correct. This Declaration was executed at Wilmington, New York.

17  Dated: September 5, 2023              Law Office of David Brian Lally

18

19                                       /s/ David B. Lally
                                         David Brian Lally, Esq.

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

P.O. Box 355, Wilmington, New York 12997

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION TO WITHDRAW AS THE ATTORNEY OF RECORD FOR DEFENDANT JONATHAN STEIN, AND DECLARATION OF DAVID B. LALLY, ESQ. IN SUPPORT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ___9/5/2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joseph Chora for Plaintiff Gabrielino-Tongva Tribe joseph@chorayoungllp.com, CChora@choralaw.com, Sarah Rose Hasselberger for Interested Party Courtesy NEF shasselberger@marshackhays.com,
hasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;kfrederick@ecf.courtdrive.com
D Edward Hays for Interested Party Courtesy NEF ehays@marshackhays.com, ehays@ecf.courtdrive.com;
kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
David B Lally on behalf of Defendant Jonathan Alan Stein davidlallylaw@gmail.com
Armen Manasserian for Plaintiff Gabrielino-Tongva Tribe armen@cym.law; jennifer@cym.law; ameron@cym.law;
paul@cym.law, Laila Masud on behalf of Interested Party Courtesy NEF, lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com, Jerry Namba (TR) jnambaepiq@earthlink.net,
jnambalaw@yahoo.com;jn01@trustesolutions.net;paknamba@gmail.com, Jonathan Stein forf Defendant Jonathan Alan Stein jonathans@knightlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On ___9/5/2023___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Plaintiff/Debtor Jonathan Stein 2520 Murrell Road, Santa Barbara, CA 93109

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| 9/5/2023 | David Brian Lally, Esq. | | /s/ David B. Lally, Esq. |
| *Date* | *Printed Name* | | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## File a Motion:

9:23-ap-01023-RC Gabrielino-Tongva Tribe v. Stein

Type: ap                    Office: 9 (Santa Barbara)          Judge: RC
Lead Case: 9-23-bk-10174          Case Flag: 727OBJ

### U.S. Bankruptcy Court

### Central District of California

Notice of Electronic Filing

The following transaction was received from David B Lally entered on 9/5/2023 at 12:39 PM PDT and filed on 9/5/2023
**Case Name:**        Gabrielino-Tongva Tribe v. Stein
**Case Number:**      9:23-ap-01023-RC
**Document Number:** 16

**Docket Text:**
Motion to Withdraw as Attorney *Notice of Motion and Motion to Withdraw as the Defendants Attorney of Record For Defendant Jonathan Stein, and For an Extension of Time For Defendant to Respond to a 9011 Motion by Plaintiff, with Proof of Service* Filed by Attorney David Lally (Lally, David)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Stein mtn WD adversary 23-01023.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=9/5/2023] [FileNumber=104800285-
0] [4264cdf804cb1bce8aa97243fb61bbd14da8f8a5c1092b6522d13dc398e8ddca85
8a946ff2f213a6cf70afedd21b287eff1dbf3ade69f3bed0d80f96a7053aad]]

**9:23-ap-01023-RC Notice will be electronically mailed to:**

Joseph Chora on behalf of Plaintiff Gabrielino-Tongva Tribe
joseph@chorayoungllp.com, CChora@choralaw.com

Sarah Rose Hasselberger on behalf of Interested Party Courtesy NEF
shasselberger@marshackhays.com,
shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;kfrederick@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

David B Lally on behalf of Attorney David Lally
davidlallylaw@gmail.com

David B Lally on behalf of Defendant Jonathan Alan Stein
davidlallylaw@gmail.com

Armen Manasserian on behalf of Plaintiff Gabrielino-Tongva Tribe
armen@cym.law, jennifer@cym.law;cameron@cym.law;paul@cym.law

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Jerry Namba (TR)

jnambaepiq@earthlink.net, jnambalaw@yahoo.com;jn01@trustesolutions.net;paknamba@gmail.com

Jonathan Stein on behalf of Defendant Jonathan Alan Stein
jonathans@knightlaw.com

Nikko Salvatore Stevens on behalf of Plaintiff Gabrielino-Tongva Tribe
nikko@cym.law, mandi@cym.law

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

Paul P Young on behalf of Plaintiff Gabrielino-Tongva Tribe
paul@cym.law, jaclyn@cym.law

**9:23-ap-01023-RC Notice will not be electronically mailed to:**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

P.O. Box 355, Wilmington, New York 12997

A true and correct copy of the foregoing document entitled (*specify*): DECLARATION OF DAVID B. LALLY, ESQ., IN SUPPORT OF ORDER GRANTING MOTION TO WITHDRAW AS THE ATTORNEY OF RECORD FOR DEFENDANT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ___9/18/2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joseph Chora for Plaintiff Gabrielino-Tongva Tribe joseph@chorayoungllp.com, CChora@choralaw.com, Sarah Rose Hasselberger for Interested Party Courtesy NEF shasselberger@marshackhays.com, hasselberger@ecf.courtdrive.com; cbastida@marshackhays.com;kfrederick@ecf.courtdrive.com. D Edward Hays for Interested Party Courtesy NEF ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com, David B Lally on behalf of Defendant Jonathan Alan Stein davidlallylaw@gmail.com Armen Manasserian for Plaintiff Gabrielino-Tongva Tribe armen@cym.law, jennifer@cym.law; ameron@cym.law; paul@cym.law, Laila Masud on behalf of Interested Party Courtesy NEF, lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com, Jerry Namba (TR) jnambaepiq@earthlink.net, jnambalaw@yahoo.com;jn01@trustesolutions.net;paknamba@gmail.com, Jonathan Stein forf Defendant Jonathan Alan Stein jonathans@knightlaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On ___9/18/2023___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Plaintiff/Debtor Jonathan Stein 2520 Murrell Road, Santa Barbara, CA 93109

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 9/18/2023 | David Brian Lally, Esq. | /s/ David B. Lally, Esq. |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.